UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NIKITA WILLIAMS,

                              Plaintiff,

             -vs-                                          07-CV-698C

BOARD OF EDUCATION - CITY OF BUFFALO,
and
MICHAEL MOGAVERO, Individually and Officially
as Principal of Riverside Institute of Technology,

                              Defendants.

_____

        This case, originally filed in New York State Supreme Court, Erie County, was

removed to this court on October 19, 2007.  Item 1.  In lieu of an answer, defendants have

filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Item 8.  Plaintiff filed a

response to the motion on November 30, 2007.  Item 10, 11.  For the reasons that follow,

the defendants' motion to dismiss is denied.

## BACKGROUND and FACTS

        In her complaint, plaintiff alleges that since 1991, she has been employed by the

defendant Board of Education as a school clerk at the Riverside Institute of Technology,

where defendant Mogavero is the building principal.  Item1, ¶¶ 5-6.  In approximately

September 2005, plaintiff was instructed by defendant Mogavero to alter payroll

documentation to reflect that certain substitute teachers were performing special education

duties.  *Id.,* ¶ 8.  Plaintiff objected to this practice because she believed that Mogavero was

misappropriating federal special education funds.  *Id.,* ¶¶ 9, 12, 13.  Plaintiff complained

about this practice to her supervisor, her union, the Board of Education, the City of Buffalo, and to other employees at Riverside. *Id., ¶¶* 15, 16, 18.

Plaintiff alleges that in approximately October 2005, Mogavero began to treat her differently, including subjecting her to demeaning remarks, confrontational behavior, and numerous written warnings. Item 1, ¶ 21. As a result of the hostile working environment, plaintiff left work on sick leave from March 10, 2006 until October 2, 2006. *Id., ¶¶* 22, 24. When she returned to work, plaintiff was transferred to the Occupational Training Center. *Id., ¶* 25. She did not have enough seniority to retain the position, however, and was forced to choose between returning to Riverside or bidding on another position. Plaintiff chose to return to Riverside. *Id., ¶¶* 26, 27.

Plaintiff alleges that upon her return to Riverside, Mogavero again subjected her to harassment, including moving her desk out of the main office and forbidding her to use the fax machine, copier, or lavatory near the main office; forbidding her from speaking to or e-mailing him; issuing unwarranted disciplinary warnings; and giving her the work assignments of two or three people. Item 1, ¶ 28. Plaintiff alleges that the defendants, while acting under color of state law, have retaliated against her for exercising her rights to free speech as guaranteed by the First Amendment to the United States Constitution. *Id., ¶¶* 31-32.

## DISCUSSION

### 1. Motion to Dismiss

Defendants contend that plaintiff's First Amendment retaliation claim must be dismissed because she has failed to allege that her speech involved a matter of public

2

interest or that she endured a materially adverse change in the terms and conditions of her employment.  They also argue that plaintiff has failed to allege liability on the part of the Board of Education.

In ruling upon a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted).

Whether public employee speech is protected from retaliation under the First Amendment entails two inquiries: (1) "whether the employee spoke as a citizen on a matter of public concern" and, if so, (2) "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Garcetti v. Ceballos,* 547 U.S. 410, 417 (2006) (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)).  The Second Circuit has stated the test for a First Amendment retaliation claim as three-pronged, requiring plaintiffs to prove: "(1) they engaged in constitutionally protected speech because they spoke as citizens on a matter of public concern; (2) they suffered an adverse employment action; and (3) the speech was a motivating factor in the adverse employment decision."  *Skehan v. Vill. of Mamaroneck,* 465 F.3d 96, 106 (2d Cir. 2006) (internal quotation marks and citation omitted)).

3

"Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record." *Lewis v. Cowen*, 165 F.3d 154, 163 (2d Cir.), *cert. denied,* 528 U.S. 823 (1999) (citing *Connick v. Myers*, 461 U.S. 138, 147-48 and n.7 (1983)). The heart of the matter is whether the employee's speech was "calculated to redress personal grievances or whether it had a broader public purpose." *Lewis*, 165 F.3d at 163-64. Thus, an employee's speech relating to issues solely concerning the employee personally is generally not protected. *See Ezekwo v. New York City Health & Hosp. Corp.*, 940 F.2d 775, 781 (2d Cir.), *cert. denied,* 502 U.S. 1013 (1991). Here, accepting the truth of plaintiff's assertions, her speech was intended to bring to light alleged fraudulent practices by the principal of Riverside and the possible misappropriation of federal special education funds. Contrary to defendants' argument, plaintiff's speech was not merely an attempt to redress personal grievances, but had a broader public purpose.

Additionally, defendants argue that plaintiff has failed to allege a materially adverse change in the terms and conditions of her employment. To state a claim for retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Railway Co. v. White,* 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). An adverse action is not defined solely in terms of demotion or discharge. *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir. 1997). Whether a particular action is considered retaliatory will often depend on the particular circumstances,

4

for an action that makes little difference to one employee may be materially adverse to another.  *Burlington,* 548 U.S. at 69.

Here, plaintiff has alleged that she was harassed by defendant Mogavero and that the harassment included confrontational behavior, unwarranted disciplinary warnings, and increased work assignments.  Plaintiff also alleged that the defendant Board of Education was aware of the harassment and transferred her, for retaliatory reasons, to the Occupational Training Center.  Plaintiff need not allege, as defendants suggest, that the retaliatory action adversely affected her salary, benefits, title, or essential job responsibilities.  It is sufficient that plaintiff has stated conduct by defendants that might well dissuade a reasonable worker from engaging in protected speech.  Additionally, plaintiff has sufficiently alleged a causal connection between her protected speech and the retaliatory actions taken by both Mogavero and the Board of Education in that the protected activity was followed closely in time by the retaliatory treatment.  *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).  Accordingly, plaintiff has sufficiently alleged a claim for First Amendment retaliation.

Finally, defendants argue that plaintiff has failed to allege a claim against the Board of Education.  "A school district's liability . . . may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'"  *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004) (internal citations omitted); *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 497 (1986); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Here, plaintiff alleges that Mogavero was acting as a final policymaker under New York State law.   Courts in this Circuit have found that a school principal has final policymaking authority in the management of the school, and that the principal's conduct represents official district policy.   *See Lovell v. Comsewogue School Dist.,* 214 F. Supp. 2d 319, 324 (E.D.N.Y. 2002); *Rabideau v. Beekmantown Cent. Sch. Dist.,* 89 F. Supp. 2d 263, 268 (N.D.N.Y. 2000).   Additionally, plaintiff alleges that the Board of Education was directly responsible for her retaliatory transfer to the Occupational Training Center.   The Board of Education is a final policymaker for purposes of section 1983.   *See Back v. Hastings On Hudson Union Free Sch. Dist.,* 365 F.3d 107, 128 (2d Cir. 2004); *Adler v. South Orangetown Cent. Sch. Dist.,* 2008 WL 190585, *11 (S.D.N.Y. January 17, 2008). Furthermore, it is well settled that liability under section 1983 may be imposed for a single decision by a municipal policymaker.   *See Pembaur,* 475 U.S. at 480.   Accordingly, plaintiff has sufficiently stated a claim against the Board of Education.

**2.  Plaintiff's Request for Sanctions**

Plaintiff has asked the court to award her attorney fees pursuant to Fed. R. Civ. P. 11 for defendants' frivolous motion to dismiss.  Such a motion for sanctions has not been properly presented to the court, and the request is denied.

## CONCLUSION

The defendants' motion to dismiss is denied.  The defendants shall answer the complaint on or before August 25, 2008.  The court will conduct a telephone conference with counsel on September 8, 2008, at 10:15 a.m. to set a further schedule.

So ordered.

_____\s\ John T. Curtin_____
        JOHN T. CURTIN
    United States District Judge

Dated: July    24    , 2008
p:\opinions\07-698.jul908

7